DLD-046                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3681
_____

SHAWN T. WALKER,

Appellant

v.

SHANDA MATHIS; KERRY KERSCHNER;
CYNTHIA LINK; DORINA VARNER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 15-cv-05134)
District Judge Gene E. K. Pratter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2016
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: December 6, 2016 )
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shawn T. Walker appeals the District Court's dismissal of his complaint. We will summarily affirm.

In September 2015, Walker, a prisoner confined at SCI-Graterford, filed a complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of Pennsylvania, alleging retaliation and failure to take action regarding a grievance and appeals he had filed concerning a false misconduct report. Amongst the relief sought, Walker requested a declaratory judgment that the prison grievance policy is unconstitutional or, in the alternative, that the defendants' interpretation of the policy is unconstitutional, and a writ of mandamus directing the prison to allow him to file his allegedly ignored grievance. Walker named as defendants Shanda Mathis, a corrections food services instructor who supervised Walker at his job in the SCI-Graterford prison kitchen; SCI-Graterford Superintendent Cythina Link; Link's assistant, Major Kerry Kerschner; and Chief Grievance Officer Dorina Varner.

Walker alleges that he and Mathis engaged in a verbal altercation on July 26, 2015, following which Walker complained to Mathis' supervisor. Later that day, Mathis issued Walker a misconduct report for refusing to obey a work order and for being in an unauthorized area. According to Walker, Mathis did so in retaliation for Walker's reporting her to her supervisor. Walker alleges that as a result of the misconduct report, he was suspended from his job until the outcome of the hearing. Ultimately, Walker's suspension from his work assignment only lasted two days, at which point the hearing

2

examiner dismissed the misconduct report. Walker pursued a grievance against Mathis through the prison system, which was ultimately unsuccessful.

In October 2015, defendants filed a motion to dismiss for failure to state a claim. Thereafter, Walker filed a motion for appointment of counsel and an amended complaint. Defendants subsequently filed a motion to dismiss Walker's amended complaint. In May 2016, Walker filed a motion for leave to file a second amended complaint. By order and opinion entered on May 19, 2016, the District Court denied Walker's motion for appointment of counsel, granted defendant's motion to dismiss Walker's amended complaint, denied Walker's motion for leave to file a second amended complaint, and denied Walker's motion for extension of time to cure defects in his motion to file a second amended complaint without prejudice. However, the District Court allowed Walker to refile his motion within thirty days, which he did. By order entered on September 13, 2016, the District Court denied Walker's motion to file a second amended complaint and dismissed his case with prejudice.

Walker appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Walker has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

I.

We exercise plenary review of the District Court's order dismissing Walker's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

All of Walker's claims arise from his verbal altercation with Mathis and the allegedly retaliatory misconduct report she filed. To establish a claim of retaliation, a prisoner must show: (1) that he was engaged in a constitutionally protected activity; (2) that he "suffered some 'adverse action' at the hands of the prison officials"; and (3) that the protected activity was "a substantial or motivating factor" in the prison officials' decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001).

4

The burden then shifts to the prison officials to prove "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Id. at 334.

Here, with regard to the second factor,[1] we agree with the District Court's conclusion that Mathis' alleged conduct was not sufficiently serious to "deter a person of ordinary firmness from exercising his [constitutional] rights."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (alteration in original) (quoting Rauser, 241 F.3d at 333).  The misconduct report filed by Mathis was dismissed two days after it was filed and resulted in no punishment.  The only adverse action allegedly taken against Walker as a result of the misconduct charge was his temporary removal from his work assignment and two days of lost prison wages.  This single, temporary inconvenience does not meet the standard.  See Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (charging prisoner with misconduct report that was later dismissed for filing a false grievance does not rise to the level of "adverse" action for purposes of retaliation claim); see also Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action.").

II.

---

[1] The defendants did not challenge the first or third factors, and the District Court properly noted that Walker had adequately addressed these factors.

We likewise conclude that the two-day suspension from employment fails to rise to the level of an Eighth Amendment violation. Walker alleges that Mathis' naming him in a false misconduct report constituted cruel and unusual punishment. The Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). However, where conditions are not "cruel and unusual" but merely "restrictive and even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). We agree with the District Court's determination that neither the two-day suspension nor the lost wages rise to the level of a deprivation of basic human needs, such as food, clothing, and shelter and, therefore, fail to meet the standard for cruel and unusual punishment.

### III.

Walker's due process claim against all defendants for denying the grievance he attempted to file following his interaction with Mathis and her subsequent misconduct report fares no better, as Walker does not have a constitutional claim based on the temporary loss of his prison job. We have held that there is no liberty interest in a prison job arising from the Due Process Clause. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). Walker cannot show that he was deprived of any state-created liberty interest because the temporary two-day job suspension and resulting loss of wages does not

6

impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Absent a constitutionally protected interest, Walker's due process claim must fail.[2]

Walker further alleges that his grievance was improperly denied by Kerschner because it was over the two-page policy limit. Walker then filed an appeal, which was subsequently denied by Link. Finally, Walker appealed to the Office for Inmate Grievances and Appeals, where his second appeal was denied by Varner. Regarding defendants Kerschner, Link, and Varner, Walker has failed to allege that their involvement in this matter extended beyond their denial of his grievance and subsequent appeal. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988))).[3] As to

_____

[2] Walker's claims for declaratory and injunctive relief regarding the prison's inmate grievance system must also fail as they likewise do not give rise to a § 1983 claim.

[3] Unlike Mathis, Kerschner, and Varner, who were sued only in their individual capacities, Link was sued in both her official and individual capacities. We agree with the District Court's analysis and conclude that the claims against Link in her official capacity were properly dismissed under the doctrine of sovereign immunity. The Eleventh Amendment bars suits in federal court by private parties against states, state agencies, and state officials in their official capacities, absent consent by the state. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-70 (1997). While a state may lose its immunity by Congressional abrogation or by waiver, see Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000), Congress did not abrogate states' sovereign immunity when

Mathis, Walker has failed to provide any allegations identifying how her conduct caused him to suffer a violation of his due process rights.[4] Accordingly, the District Court properly dismissed Walker's due process claims against all defendants.[5]

IV.

For the forgoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's dismissal of Walker's complaint. Walker's motion for appointment of counsel is denied.

---

it enacted 42 U.S.C. § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, we have previously noted that the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia, 224 F.3d at 195; see also 42 Pa. Cons. Stat. Ann. § 8521(b).

[4] We agree with the reasoning of the District Court that to the extent Walker is asserting that Mathis is liable on the basis of the same conduct identified in his First and Eighth Amendment claims, this claim fails for the reasons provided in the discussion of those claims.

[5] The District Court appropriately denied Walker's request for a writ of mandamus, see, e.g., In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (holding district court had no jurisdiction to issue writ of mandamus compelling action by state official); motion to file second amended complaint, see, e.g., Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (holding "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted"); and motion for appointment of counsel, see, e.g., Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before court is justified in granting counsel, it must appear that plaintiff's claims have some merit).